562 So.2d 1060 (1990)
SPENCER-WALLINGTON, INC.
v.
SERVICE MERCHANDISE, INC.
No. 89 CA 0638.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*1061 James C. Hrdlicka, Baton Rouge, for plaintiff-appellant Spencer-Wallington, Inc.
Francis R. White, III, New Orleans, for defendant-appellee Service Merchandise, Inc.
Before COVINGTON, C.J., and WATKINS, J., and DOHERTY, J. Pro Tem.
LEWIS S. DOHERTY, III, Judge Pro Tem.[*]
Spencer-Wallington, Inc. (plaintiff) brought these proceedings against Service Merchandise, Inc. (defendant) alleging damages for breach of contract. The initial petition alleges that defendant purchased H.J. Wilson, Inc. (Wilson); that the contract was between Wilson and plaintiff for *1062 photography services (for Wilson's 1985-86 catalog and seasonal "flyers"); and that services had been rendered pursuant to the contract but that on April 30, 1985 defendant ordered[1] all further such production to cease.
Concurrent with the initial petition plaintiff filed a request for production of the documents effecting defendant's acquisition of Wilson. Defendant responded five months later with an objection, on the basis that "production of these voluminous documents would not lead to the discovery of any admissible evidence...." In October of 1987 plaintiff again requested, inter alia, production of the acquisition documents and any agreements between Wilson and defendant regarding "the acquisition of warranty, assumption, or denial thereof of outstanding contracts, obligations or liabilities incurred by [Wilson] prior to ... acquisition by [defendant]."
Plaintiff filed a supplemental and amending petition on March 30, 1988 asserting that defendant acquired Wilson on May 8, 1985, and that Wilson continues to maintain a "separate legal existence ... as a wholly owned subsidiary of [defendant]." The petition was amended to add Wilson as a defendant, to add Hebert and Marilyn Spencer as plaintiffs, and to assert a cause of action against defendant for "bad faith interference with petitioners' contractual relationship with [Wilson]," and for "unfair methods of competition and unfair or deceptive acts or practices in the conduct of... trade or commerce...."[2]
Defendant and Wilson excepted to the supplemental and amending petition on the basis that the Spencers have no right of action. The trial court sustained the exception of no right of action and granted the Spencers fifteen days to amend the petition to assert a delictual cause of action.[3]
Plaintiffs filed another supplemental and amending petition, alleging substantially the same facts with the additional assertion that "due to defendants [sic] actions [plaintiff] has been forced to go out of business, causing severe mental distress and anguish to ... [the Spencers], damage to their reputation and loss of the business itself."
Defendants then excepted to the supplemental and amending petition on the basis that the allegations as to unfair competition and trade practices, as well as to tortious interference with contract, fail to state a cause of action, and, alternatively, on the basis that these claims have prescribed.
Following a hearing on the matter, the trial court sustained exceptions of no right and no cause of action as well as prescription, as to the Spencers, and denied the exception of no cause of action as to Spencer-Wallington. The trial court's oral reasons suggest that the exception of no right of action was sustained essentially on the basis that an amending petition is not the proper procedural vehicle to add a party plaintiff. The trial court also determined that the supplemental petition as to the Spencers failed to state a cause of action. In addition, the trial court specifically held that neither of the supplemental and amending petitions in fact constituted a supplemental and amending petition within the meaning of LSA-C.C.P. art. 1151 and 1155 so as to relate back to the date of filing of the original petition and that therefore the claim was prescribed. See LSA-C.C.P. art. 1153.
At the outset we must note that the addition of a party plaintiff can be effected by a supplemental and amending petition. See Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985). In addition, the doctrine of the relation back of amending pleadings should be liberally applied, particularly in the absence of prejudice. See Giroir, 475 So.2d at *1063 1043. See also Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). The Spencers' claims have prescribed on the face of the pleadings, however, and thus they bear the burden of showing prescription has not tolled. Gustin v. Shows, 377 So.2d 1325, 1328 (La.App. 1st Cir.1979) (citations omitted). Moreover, as to the cause of action under LSA-R.S. 51:1409, the one year period of limitation for commencement of the action is peremptive, thus not subject to interruption or suspension even under the doctrine of contra non valentum. Canal Marine Supply v. Outboard Marine Corp., 522 So.2d 1201, 1203 (La.App. 4th Cir.1988).
The Spencers can only maintain the cause of action under LSA-R.S. 51:1409 if their supplemental and amending petitions do relate back. The amendment may relate back if: the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original petition; the defendant either knew or should have known of the existence and involvement of the new plaintiff; and, the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated, and the defendant will not be prejudiced in preparing and conducting his defense. Giroir, 475 So.2d at 1044. In addressing the second component of this analysis, the court in Giroir emphasized that defendant therein knew or should have known of the existence and involvement of the added plaintiffs because the original petition gave notice of the "reasonable probability that a surviving child of a deceased 55 year old married woman would be entitled to recover as a survivor or wrongful death beneficiary ... and might later assert a claim." Id. at 1045.[4] In addition, the court observed "the addition of them as plaintiffs does not change the basic underlying claim." Id. Neither observation can be made as respects the case at bar. The original petition sought damages for the breach of a contract between two corporations. Spencer-Wallington was not alleged to be a closely-held family corporation, nor is there any evidence that defendant possessed actual knowledge of this fact. The Spencers' cause of action, if there be one, is ex delicto, and would arise from the breach of the duty imposed by LSA-R.S. 51:1405 (prohibiting "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."). See LSA-R.S. 51:1409. While breach of contract has been held to be conduct within the ambit of LSA-R.S. 51:1405,[5] the allegations of breach of contract in the original petition here were simply not enough to provide notice that these individual plaintiffs would later assert a cause of action for unfair trade practices.
We are not convinced that this reasoning would apply with equal force to the claim for tortious interference with contract, in part because the distinction between this claim and the original breach of contract claim is based upon facts peculiarly within defendant's knowledge, viz., Wilson's status as a wholly separate entity at the time of the breach.[6] We need not address the issue, however, because we believe a fair reading of the supreme court's seminal decision recognizing, under limited circumstances, a cause of action for tortious interference with contract does not disclose a cause of action for the facts pled at bar. See 9 to 5 Fashions v. Spurney, 538 So.2d 228 (La.1989). Spurney expressly recognized a duty on the part of a corporate officer not to interfere with the corporation's contractual relations.[7]Id. at 229. *1064 Spurney expressly refused to adopt wholesale the broad common law doctrine of tortious interference with contract. Id. at 234.
A delictual cause of action in Louisiana must undergo the duty-risk analysis to determine if the conduct complained of constitutes compensable fault. See e.g., Dixie Drive It Yourself v. American Beverage Co., 137 So.2d 298 (La.1962); Hill v. Lundin & Associates, 256 So.2d 620 (La.1972). As a threshold matter, the petition must disclose a legal duty that embraces the risk of harm complained of. Spurney mandates that the duty alleged to have been breached by the third party (i.e., the party alleged to have interfered with the contract) must be more than merely derivative of the duty of good faith imposed on the parties to the contract by LSA-C.C. arts. 1759 and 1983. In Spurney the duty of the third party independent of the contract was the fiduciary duty imposed upon the corporate officer to act within his scope of authority and in the best interests of the corporation, thus resulting in the immunity recognized for conduct consistent with this fiduciary duty. See generally Spurney, 538 So.2d at 231. See also Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91, 94-95 (La.1984) (intimating that a duty imposed by federal immigration law upon a former employer could support a cause of action ex delicto for conduct which effectively resulted in a former employee's inability to perform under an employment contract).
The courts of this state demand only a pleading setting forth the facts upon which relief may be granted. LSA-C.C.P. art. 891; Franklin v. Able Moving & Storage Co., 439 So.2d 489, 491 (La.App. 1st Cir. 1983) (citation omitted) (observing that "theory of the case" pleading is not required in Louisiana, and that recovery may be granted under any legal theory justified by the facts pled). Accepting as true all of the original and amending petitions' allegations of fact,[8] we are unable to say that a cause of action ex delicto as recognized in Spurney has been pled.
For the reasons stated hereinabove, the judgment dismissing the Spencers' claims is affirmed. Costs of this appeal are taxed to appellants.
AFFIRMED.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] The petition alleges that the advertising director for Wilson ordered production of the catalog and flyers: the petition also alleges that defendant acquired Wilson "sometime during the months of April and May of 1985." The petition then concludes that defendant breached the contract.
[2] See LSA-R.S. 51:1405A.
[3] The judgment indicated that a failure to so amend would result in dismissal of "all delictual claims."
[4] In addition the Giroir court found that defendant therein had received actual notice. Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985).
[5] See State v. Orkin, 528 So.2d 198 (La.App. 4 Cir.) writ denied 533 So.2d 18 (1988).
[6] In this respect, we note that the prescriptive period of LSA-C.C. art. 3492, providing for a one year period for actions ex delicto, is subject to interruption, including contra non valentum. See Corsey v. State, 474 So.2d 1307 (La.1985).
[7] The court recognized immunity from a tortious interference suit if the officer acted within his corporate authority and under the reasonable belief that his actions were in the corporation's best interest. 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 231 (La.1989).
[8] In reviewing a judgment maintaining the peremptory exception of no cause of action, we must accept as true all well pleaded facts as alleged in the petition. See Sanborn v. Oceanic Contractors, 448 So.2d 91, 92 (La.1984).