610 So.2d 245 (1992)
Mary Nell SMITH, Plaintiff-Appellant,
v.
MacARTHUR SURGICAL CLINIC, et al., Defendants-Appellees.
No. 91-1320.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
James Buck, Alexandria, for plaintiff-appellant.
Howard Gist, Jr., Alexandria, for defendants-appellees.
Before LABORDE and THIBODEAUX, JJ., and CULPEPPER[*], J. Pro Tem.
THIBODEAUX, Judge.
Appellant, Mary Nell Smith, brought a medical malpractice suit against MacArthur Surgical Center and Dr. Wayne Watkins for alleged acts of negligence against her while under their treatment. Defendants filed an exception of prescription and moved for summary judgment.
After a hearing, both matters were taken under advisement. The trial judge ruled in favor of defendants, granting both the exception of prescription and the motion for summary judgment, and dismissed plaintiff's case. Smith devolutively appealed, asserting error on the part of the trial judge for granting the exception and the *246 summary judgment. For the reasons set forth herein, we affirm.
Mary Nell Smith suffers from a severe chronic kidney disease. In 1982, it was necessary for Dr. Watkins to place a Tenckhoff catheter in her abdomen to facilitate dialysis. The catheter was held internally by a dacron cuff implanted in the wall of the abdominal cavity. The cuff became partially enveloped by abdominal tissue with the passage of time.
After two kidney transplants ended in rejection, a third, in 1986, appeared successful. Smith's kidney doctor, Dr. Trevor From, believed the catheter was no longer necessary and scheduled its removal with Dr. Watkins and MacArthur Surgical Center. On February 10, 1987, Dr. Watkins removed the catheter but the dacron cuff was left in. She was discharged the following day with instructions for follow up with Dr. From.
One month later, on March 10, 1987, Smith visited Dr. From complaining of abdominal pain and a knot at the removal site. Dr. From informed her that the inner cuff had not been removed and that it would be necessary to do so.
Eleven days later, on March 21, 1987, experiencing abdominal pain and sensitivity near the wound site, she was taken to the emergency room of LaSalle General Hospital in her hometown of Jena, Louisiana. She was seen at that time by Dr. R.M. Chaudhry who had her admitted to the hospital and treated for a localized peritonitis, an infection of the abdominal area near the wound site. She was released two days later into Dr. From's care.
The removal of the cuff was performed on March 25, 1987. Smith was released on March 27th. Shortly thereafter, she returned to Dr. Chaudhry, who treated the catheter area for infection until it allegedly healed.
Smith originally filed suit on March 21, 1988. Two days later, she filed a complaint with the Commissioner of Insurance as required by LSA-R.S. 40:1299 et. seq. and a medical review panel was formed. The original petition was eventually dismissed for prematurity. After a panel opinion was issued, finding no negligence on defendants' part, the present suit was filed.
After answering the petition, defendants filed an exception of prescription and a motion for summary judgment. On September 24, 1990, a hearing was held. Multiple exhibits were filed by defendants but none by Smith's counsel. The trial judge heard arguments and ruled that the matter would be left open for 45 days to allow her counsel to file medical depositions. He ordered the matter considered submitted at the end of sixty days, and taken under advisement. The trial judge waited nearly one year, until August 30, 1991, to render written reasons. On September 11, 1991 a judgment in favor of defendants, dismissing plaintiff's claims, was signed.
The trial judge's reasons emphasize the granting of the exception of prescription, and it is this issue we choose to address first.
The trial judge found that, on March 10, 1987, Smith gained knowledge of the facts upon which her claim is based sufficient to start the running of prescription, and yet failed to file her claim until March 21, 1988. He concluded, under authority of LSA-R.S. 9:5628, that because more than one year had passed since discovery, her action had prescribed.
LSA-R.S. 9:5628, the medical malpractice prescription statute, states in pertinent part that:
No action for damages for injury or death against any physician ... shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect.
The issue before this court is whether Smith had information sufficient to constitute "discovery" of a possible medical malpractice claim.
The prescriptive period commences on the date the injured party discovered or should have discovered the facts upon which the cause of action is based. Prescription does not run against a claimant *247 ignorant of those facts. Being aware of an undesirable condition that develops subsequent to treatment does not necessarily start prescription where the claimant could not reasonably recognize the relation between condition and treatment. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Lott v. Haley, 370 So.2d 521 (La.1979); Young v. Clement, 367 So.2d 828 (La.1979).
In order to determine if Smith discovered or should have discovered a cause of action, we will first examine what acts she contends constitute malpractice. In her petition, Smith alleged failure to diagnose the presence of the cuff and failure to take proper precautions against infections as negligence on the part of both defendants. Additionally, she alleged Dr. Watkins was negligent for leaving the catheter cuff in, and failing to adequately inform and obtain a valid consent in advance of surgery.
The acts of malpractice described in her petition allegedly arise from the removal of the catheter by Dr. Watkins. This removal took place in February of 1987. Defendants claim, and the trial judge found, Smith had knowledge of possible acts of malpractice on March 10, 1987. As proof, defendants introduced depositions and medical records to show the extent of Smith's knowledge. The plaintiff introduced no evidence. From this, and the record before us, we reach the following conclusions.
It is obvious Smith knew of facts important to her case on March 10th. She admitted in her deposition, in her answers to interrogatories, and in her brief that Dr. From informed her of the presence of the cuff and the necessity of its removal. It is also evident from the record Smith was aware of possible complications at the wound site. Her reasons for visiting Dr. From on March 10, 1987 was that she found a knot and experienced some swelling at the site where the catheter was removed. She also indicated the wound may have been exuding some pus. Furthermore, she admits Dr. From prescribed antibiotics and informed her to see Dr. Watkins for removal of the cuff.
The medical records of Dr. Chaudhry and LaSalle General Hospital further reveal Smith's awareness of the infection. They show she informed LaSalle emergency room personnel and Dr. Chaudhry that she had been having abdominal pain, that she had seen Dr. From on March 10th and he had informed her she possibly suffered from peritonitis. Dr. Chaudhry's deposition reflected this fact.
The evidence indicates she knew of both the presence of the cuff and of an infection in the peritoneal area. The question becomes, could she have reasonably recognized from the known facts that her condition may be related to her treatment? We believe she could.
Smith's claim for injuries are centered on Dr. Watkins' removal of the dacron cuff. Two of her specific claims, the fact that the catheter was left in, and the existence of an undiagnosed infection, became evident on March 10, 1987. In brief, she argues that those two facts in and of themselves are not sufficient to give her notice because they do not constitute negligence per se, yet those facts are the very ones she pled as specific acts of malpractice. She claims, in brief, she was informed of the possibility of infection when she signed the consent prior to the removal of the catheter, and thus was not alarmed at the onset of the infection. However, her pleadings allege she was not adequately informed and a valid consent to surgery was not obtained. Her argument in brief contradicts the allegations of her pleadings in an apparent attempt to circumvent prescription.
The pleadings are what the trial judge relied on when determining prescription. It makes allegations of negligence based on facts known to Smith on March 10, 1987. We believe, as the trial judge did, she had "knowledge of the facts strongly suggestive that [her] untoward condition or result may be the result of improper treatment." Maung-U v. May, 556 So.2d 221, at 225 (La.App. 2d Cir.1990). Given her claims, the knowledge she gained on that day was sufficient to raise a question of possible malpractice. As suit was filed on March 21, 1988, and past the day when prescription *248 expired, we affirm the trial judge's finding that the suit has prescribed.
Since the trial court's grant of summary judgment was also appealed, we shall briefly address the issue. La.C.C.P. art. 967 states:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
We reiterate the fact that only defendants introduced evidence at the hearing. As a result, if they met their burden of proof, Smith has nothing filed in record to rebut the proof save the allegations of the petition and the arguments in brief.
Summary judgment in medical malpractice cases is proper where no contradictory evidence is offered and the adverse party merely rests on allegations. Fontenberry v. Dr. Robert Berthier, 503 So.2d 596 (La.App. 4th Cir.1987); Obiago v. Merrel-National Laboratory, 560 So.2d 625 (La.App. 4th Cir.1990), writ denied. Allegations alone, without supporting evidence, cannot create a question of fact and will not preclude a granting of summary judgment. Bank of Iberia v. Hewell, 534 So.2d 143 (La.App. 3d Cir.1989).
The evidence submitted strongly supports the trial court's conclusions. All of the medical testimony substantiate the defendants' position that the standard of care did not fall below accepted standards. Smith's own treating physician, Dr. Chaudhry, had the personal knowledge sufficient to testify to her condition. His testimony clearly indicated nothing implicating a failure on the part of the defendants to properly treat Smith. To the contrary, he believed her to be completely healed one month after her initial visit and her subsequent renal failure totally unrelated to the infection.
After reviewing all the evidence presented, we find none to substantiate a claim of negligence. Having admitted in brief that res ipsa loquitur does not apply, Smith has offered nothing but bare bone allegations. We note she, likewise, failed to offer any evidence before the medical review panel when it presided over this case. Furthermore, her claims that the infections caused her kidney failure were refuted by Dr. Chaudhry's testimony. Accordingly, we find no error on the part of the trial court and affirm its grant of summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs of this proceeding are charged to appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.