610 So.2d 270 (1992)
David W. KUEBLER and Professional Planners, Inc.
v.
Lynn Paul MARTIN, Individually and d/b/a L.P.M. Enterprises, the Estate of Michael B. Palmer, E. Eugene Gilbert III, the Bank of Laplace and Metairie Bank.
No. 92-CA-435.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
*271 Keith G. Contreary, Leefe, Gibbs & Koehler, Metairie, for plaintiffs-appellees.
Robert E. Kerrigan, Jr., Ellis B. Murov, John F. Willis, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellants.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GAUDIN, Judge.
Does prescription or peremption apply to lawsuits brought under LSA-R.S. 51:1401, et seq., Louisiana's Unfair and Deceptive Trade Practices Act? Prescription, of course, can be interrupted; peremption cannot. A trial judge in the 24th Judicial District Court said peremption governed such actions. We affirm.
Plaintiffs filed the instant suit on April 24, 1989, alleging various acts of misrepresentation and wrongdoing which occurred prior to April 26, 1988, the day that Lynn Paul Martin, one of the named defendants, surrendered to federal authorities. At that time, it is contended, plaintiffs learned for the first time that investments they had made were not legitimate and that they had been victimized.
R.S. 51:1409(A) and (E) state:
(A) Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs.
(E) The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action.
While neither the Supreme Court of Louisiana nor the Fifth Circuit Court of Appeal has directly ruled on peremption versus prescription as applied to the Unfair and Deceptive Trade Practices Act, there are several Louisiana appellate court decisions holding that peremption is applicable, including Spencer-Wallington v. Service Merchandise, 562 So.2d 1060 (La.App. 1 Cir.1990), writs denied at 567 So.2d 109 (La.1990); and Canal Marine Supply, Inc. v. Outboard Marine Corp., 522 So.2d 1201 (La.App. 4 Cir.1988).
In Spencer-Wallington, the First Circuit, at page 1063, stated:
"... as to the cause of action under LSA-R.S. 51:1409, the one-year period of limitation for commencement of the action is peremptive, thus not subject to interruption or suspension even under the doctrine of contra non valentum." With one justice dissenting, the Supreme Court denied the writ application.
In the Canal Marine case, the Fourth Circuit stated that "... the time period set forth in R.S. 51:1409 E must be viewed as peremptive." We agree with the reasoning and logic behind this conclusion, found at page 1203.
Appellants are to pay costs.
AFFIRMED.