649 So.2d 65 (1994)
Leonard DOWELL
v.
W. Jeffery HOLLINGSWORTH, Attorney at Law, et al.
No. 94 CA 0171.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Rehearing Denied February 2, 1995.
Writ Denied April 20, 1995.
*66 Eulis Simien, Jr., Baton Rouge, for plaintiff-appellant, Leonard Dowell.
Larry M. Roedel, Baton Rouge, for defendant-appellee, W. Jeffery Hollingsworth.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment sustaining a peremptory exception pleading the objection of prescription in a legal malpractice action.

FACTS
On December 26, 1980, plaintiff, Leonard Dowell, was arrested and charged with simple burglary. Dowell was tried and convicted of those charges on May 19, 1981, at which time Dowell was represented by defendant-attorney, W. Jeffery Hollingsworth.[1] On September 4, 1981, Dowell was sentenced to serve a prison term of twelve years.
On February 10, 1987,[2] approximately five and one-half years after being sentenced, Dowell filed a legal malpractice action against Hollingsworth.[3] In the petition, Dowell alleged various acts of malpractice in Hollingsworth's representation of him in the 1981 criminal proceeding.
*67 On May 6, 1993, Hollingsworth filed a peremptory exception pleading the objection of prescription, contending that Dowell's claims were asserted more than one year after the date of the alleged acts, omissions, or neglect by Hollingsworth, more than one year from Dowell's discovery of the alleged acts, omissions, or neglect, and more than three years from the actual date of the alleged acts, omissions, or neglect.
On October 1, 1993, a hearing was held on the exception, and the trial court sustained the exception and dismissed Dowell's claims against Hollingsworth. In his oral reasons for judgment, the trial judge stated as follows:
The problem is that if nothing prescribes until somebody talks to a lawyer or gets advice on the law, then nothing would prescribe. I don't think that is the law. Law v. Mayeux, 527 So.2d 37 indicates that prescription runs when he is sentenced, and this case would have prescribed.
Dowell appealed from the judgment, assigning the following specifications of error:[4]
1. The trial court erred in not applying the doctrine of contra non valentem nulla currit praescriptio where the undisputed testimony established that a lawsuit presenting plaintiff's claims was filed within one year of the date that he first knew or should have known of the alleged malpractice by his attorney.
2. The trial court erred in concluding that prescription ran against plaintiff when he was incarcerated and that incarceration is alleged to be due to the fault of defendant and it interfered with plaintiff's ability to prosecute his claim.

DISCUSSION
At all times pertinent hereto, LSA-R.S. 9:5605, which addresses actions for legal malpractice, provided, in pertinent part, as follows:
No action for damages against any attorney at law duly admitted to practice in this state ..., whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. (Emphasis added.)
LSA-R.S. 9:5605 was enacted in 1990 to provide that a legal malpractice action must be brought within one year from the date of the discovery of the malpractice, but not later than three years from the alleged act or omission that constitutes malpractice. The 1992 amendment to LSA-R.S. 9:5605 has been held to be remedial and has been determined to be retroactive to all causes of action regardless of the date when the alleged act, omission, or neglect occurred. Graham v. Conque, 626 So.2d 870, 873 (La. App. 3rd Cir.1993), writ denied, 634 So.2d 383 (La.1994). Generally, LSA-R.S. 9:5605 bars actions for legal malpractice not filed within one year from discovery of the alleged act or omission or within three years after the alleged act of malpractice, regardless of when it was discovered. Succession of Hellmers, 93-1883 (La.App. 4th Cir. 5/26/94), 637 So.2d 1302, 1305. In addressing the language of LSA-R.S. 9:5628, which sets forth the time limitation for filing a suit in medical malpractice (which is similar to the language contained in LSA-R.S. 9:5605),[5] the courts have held that the discovery exception to the doctrine of contra non valentem is incorporated into the statute by providing that the action must be brought *68 "within one year from the date of discovery of the alleged act, omission or neglect." The legislature also expressly limited the application of the discovery exception by providing that "in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." The courts have held that by enacting LSA-R.S. 9:5628 the legislature has, in a limited manner, legislatively overruled the fourth exception of the judicially-created doctrine of contra non valentem as it applies to actions for medical malpractice filed more than three years from the date of the act, omission, or neglect. Chaney v. State, Department of Health and Human Resources, 432 So.2d 256, 259 (La.1983). See also Medical Review Panel for Claim of Milton, 593 So.2d 795, 798 (La.App. 4th Cir.1992), wherein the court held that the lack of knowledge by a plaintiff will suspend the one year period within which he must institute proceedings, but in no event will lack of knowledge suspend the period for more than three years.
In the instant case, in order to determine whether Dowell's action was instituted timely, we must first determine the date on which the alleged wrongful conduct occurred. Hollingsworth's alleged wrongful conduct giving rise to the action for malpractice occurred during Dowell's trial on May 19, 1981, and on the date that Dowell was sentenced to serve a prison term of twelve years, September 4, 1981. Therefore, at the latest, Dowell sustained damages on September 4, 1981, the date he was sentenced. See Law v. Mayeux, 527 So.2d 37, 38 (La.App. 3rd Cir.1988).
Accordingly, pursuant to LSA-R.S. 9:5605, Dowell had one year from the date he discovered the alleged act of malpractice or three years from the date of the alleged malpractice, regardless of when he discovered the alleged malpractice, within which to file his suit for legal malpractice. In the instant case, Dowell had three years from September 4, 1981, or until September 5, 1984, to bring his action for legal malpractice. Clearly, Dowell's action, which was not filed until February 10, 1987, was untimely.[6]
On appeal, Dowell contends that, under the doctrine of contra non valentem, his cause of action for legal malpractice should not commence to run until the facts necessary to state a cause of action are known to or are reasonably knowable by him.[7] Dowell contends that he first became aware of the cause of action against Hollingsworth in July of 1986, when inmate counsel, James Cox, reviewed his records. Therefore, Dowell reasons that the time period within which he was required to institute his legal malpractice action did not commence to run until July of 1986 and that, as a result, his action, which was filed in February of 1987, was timely.
LSA-R.S. 9:5605 provides that the one and three-year time periods are peremptive periods and may not be renounced, interrupted, or suspended. If the time period set forth in LSA-R.S. 9:5605 is truly a peremptive period, the doctrine of contra non valentem is not applicable. See Crier v. Whitecloud, 486 So.2d 713, 714 (La.1986); Kuebler v. Martin, 610 So.2d 270, 271 (La.App. 5th Cir.1992), writ not considered, 613 So.2d 987 (La.1993); Spencer-Wallington, Inc. v. Service Merchandise, Inc., 562 So.2d 1060, 1063 (La.App. 1st Cir.), writ denied, 567 So.2d 109 (La.1990). However, even if the time period set forth in LSA-R.S. 9:5605 should be held to be a prescriptive period, that statute contains an express qualification that the discovery exception of the doctrine of contra non valentem is inapplicable after three *69 years from the act, omission or neglect.[8] In the instant case, it is unnecessary for us to determine whether the time period set forth in LSA-R.S. 9:5605 is peremptive or prescriptive because Dowell's action for malpractice was filed more than three years after the alleged act of malpractice.

CONCLUSION
For the foregoing reasons, the trial court did not err in dismissing plaintiff's claims for legal malpractice against Hollingsworth. The judgment of the trial court is affirmed. Dowell is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] Hollingsworth had been appointed to represent Dowell by the Public Defender's Office.
[2] Apparently, Dowell first filed suit in December of 1986. However, he failed to file a proper in forma pauperis motion, and the petition was returned to him.
[3] By way of supplemental and amending petition, Dowell named other defendants in his suit, including the Public Defender's Office, its director, and the insurers of all defendants.
[4] Although our opinion does not address each assignment of error individually, all pertinent issues are adequately addressed.
[5] LSA-R.S. 9:5628, however, does not expressly state that the time period within which a medical malpractice action must be brought is peremptive or that the period set forth in the statute may not be renounced, interrupted, or suspended.
[6] The trial court sustained Hollingsworth's exception pleading the objection of prescription. LSA-R.S. 9:5605 states that the period set forth therein is peremptive. As a general rule, the correct procedural device for raising the issue of peremption is the peremptory exception raising the objection of no cause of action, which is an objection that the appellate court may raise on its own motion. LSA-C.C.P. art. 927; Preferred Investment Corporation v. Neucere, 592 So.2d 889, 895 (La.App. 4th Cir.1991), writ denied, 597 So.2d 1028 (La.1992); Davis v. Sewerage and Water Board of New Orleans, 469 So.2d 1144, 1147 (La.App. 4th Cir.1985).
[7] The portion of the doctrine of contra non valentem Dowell contends is applicable is the discovery exception to the doctrine, which has been expressly incorporated into LSA-R.S. 9:5605 and limited to three years after the alleged acts of malpractice regardless of the date of discovery.
[8] See Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 724-25 (La.1986); Chaney v. State, Department of Health and Human Resources, 432 So.2d 256, 259 (La.1983); Medical Review Panel for Claim of Milton, 593 So.2d 795, 798 (La.App. 4th Cir.1992).