liAMY, Judge.
Third-party plaintiff, John B. Doucet, appeals a judgment of the trial court finding that his claim against third-party defendant, the Edwards Law Firm, has prescribed. For the following reasons, we affirm the trial court’s judgment.
DISCUSSION OF THE RECORD
The instant ■ matter originated when John Doucet sued Ores Seaux for breach of con *539 tract. The record reveals that Doucet, represented by the Edwards Law Firm (Edwards), completed a contingency contract with that firm. A judgment was rendered in favor of Doucet on June 1,1989, which Seaux subsequently paid. Christopher Edwards of the Edwards Law Firm testified that despite the contingency contract, his fern accepted payment from Doucet based on the number of hours Rworked in the representation. Seaux then took a devolutive appeal, and this court reversed the district court’s ruling on June 26,1991.[1]
Seaux filed a Petition for Restitution against Doucet and Edwards on April 27, 1992, seeking reimbursement of the monies he had paid to Doucet pursuant to the original judgment. Edwards answered the appeal and, on behalf of the firm, filed an Exception of No Cause of Action on March 30, 1994. Seaux subsequently filed a Motion for Summary Judgment against Doucet and Edwards on April 22, 1994. One week later, on April 29, 1994, Doucet filed a Third-Party Demand .against Edwards, asserting claims for breach of contract and negligence.
The trial court granted summary judgment in favor of Seaux and against Doucet, but declined to do so with respect to Edwards. Instead, the court granted Edwards’ Exception of No Cause of Action, dismissing Seaux’s Petition with respect to Edwards.
The record reveals that, on October 6, 1994, Edwards responded to Doucet’s Third-Party Demand by filing not only an Answer, but an Exception of Prescription as well. The trial court granted the Exception of Prescription on February 21, 1996, and judgment to that effect was signed on February 29,1996.
Doucet now appeals the trial court’s grant of the Exception of Prescription.
LAW
The legislature has spoken clearly with regard to the prescriptive period applicable to suits arising from legal representation. La.R.S. 9:5605, made retroactive in 1992 to apply to all prior causes of action, requires that any legal action arising from an attorney/client relationship must be brought within one year from the date of discovery of the alleged act, omission, or neglect at issue, but not later than three years from the alleged act, omission, or neglect. Dowell v. Hollingsworth, 94-p0l713 (La.App. 1 Cir. 12/22/94); 649 So.2d 65, writ denied, 95-0573 (La.4/21/95); 653 So.2d 572; See Bustamente v. Vezina, 95-556 (La.App. 5 Cir. 1/30/96); 668 So.2d 1286. In pertinent part, La.R.S. 9:5605 provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however; even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
(emphasis added).
When a claim has prescribed on the face of the plaintiffs petition because it was filed more than one year after the date of the alleged malpractice, the plaintiff bears the burden of rebutting the presumption of prescription by proving that prescription has been suspended. See Ward v. Abasi, 616 So.2d 778 (La.App. 3 Cir.), writ denied, 617 So.2d 1182 (La.1993); Leyva v. Laga, 549 So.2d 914 (La.App. 3 Cir.1989).
Doucet filed his Third-Party Action more than one year after the date of any representation by Edwards. According to attorney Christopher Edwards’ testimony, Doucet discharged Edwards when the original judg *540 ment of the trial court was collected, and prior to the reversal of the judgment by this court in 1991. Nevertheless, Doueet contends that his causes of action against Edwards were not prescribed when he filed his Third-Party Demand on April 29, 1994, on the theory that the doctrine of contra non valentem prevented prescription from beginning to run until June 27, 1994, when judgment was entered against him in Seaux’s action for | restitution. Doueet asserts that he could not possess any cause of action against Edwards until there was a definitive judgment on the Petition for Restitution. Thus, Doueet contends that he had one year from June 27, 1994 in which to bring suit against Edwards.
While it is true that there is a discovery, or imputed discovery, exception to the general rale that an action must be filed within one year after the alleged act, omission, or neglect, it is also true that the legislature has placed an absolute three year limit on this discovery exception in cases arising from legal representation. See Dowell, 649 So.2d 65. Further, La.R.S. 9:5605(B) provides that the time periods in La.R.S. 9:5605(A) are “peremptive periods ... and ... may not be renounced, interrupted, or suspended.” The one-year prescriptive period contained in La.R.S. 9:5605(A), commencing from the date that the conduct at issue was “discovered or should have been discovered[,]” effectively incorporates the doctrine of contra non valentem in the context of malpractice suits. Id. However, the statute further provides that even actions filed within one year from the date of discovery must be filed “at the latest within three years from the date of the alleged act, omission, or neglect.” Id. This final provision of the statute is an “express qualification that the discovery exception of the doctrine of contra non va-lentem is inapplicable after three years” in cases arising under La.R.S. 9:5605. See Do-ivell, 649 So.2d at 68-69.
By June 26, 1991, the date of the court of appeal’s reversal, Doueet was aware of any claim that he may have had. against Edwards for breach of contract arising from the retention of Edwards’ fee despite having lost the case. Accordingly, regardless of whether contra non valentem applied, as urged by Doueet, the claim against Edwards whether in tort, breached contract, or otherwise, prescribed no later than June 26, 1992, nearly two years before he filed the present Third-Party Demand against Edwards.
||,As to Doucet’s claim against Edwards for legal malpractice, Doueet does not allege that he acquired any additional information indicating that Edwards committed malpractice that he did not have when this court overturned the judgment in his favor on June 26, 1991. He simply argues that he could not file suit against Edwards until judgment was rendered against him because he had no cause of action while the underlying issue was unresolved. That is not the case. First, Doueet did file the Third-Party Demand before June 27, 1994, which he now apparently claims was premature. More importantly, however, the judgment against him rendered on June 27, 1994 simply recognized what this court had already decided on June 26, 1991; viz., that judgment should not have been granted in Doucet’s favor originally. Therefore, any damage that Doueet may have suffered as a result of any alleged malpractice on the part of Edwards was just as apparent to Doueet, and just as real, on June 26, 1991 as it was on June 27, 1994. Accordingly, any claim that Doueet may have possessed against Edwards for malpractice prescribed no later than June 26, 1992, prior to institution of Doucet’s Third-Party Demand against Edwards, and any such claim is therefore prescribed.[2]
DECREE
For the foregoing reasons, the trial court’s grant of the exception of prescription filed by Edwards is affirmed. Costs of this appeal *541 are to be assessed against third-party plaintiff/appellant, John B. Doucet.
AFFIRMED.

. See Doucet v. Seaux, 582 So.2d 371 (La.App. 3 Cir.l99l).

. We note that even if Doucet's cause of action in tort, if one existed, had not prescribed under the one-year discovery exception, it would have prescribed under the exception's three year limit. La.R.S. 9:5605(A) prohibits the use of the exception more than "three years from the date of the alleged act, omission, or neglect.” In the instant matter, the date of the alleged negligent representation occurred more than three years before Doucet's filing of the Third-Party Demand on April 29, 1994.