704 So.2d 815 (1997)
Robert BOURQUE, Plaintiff-Appellant,
v.
Terrance HOYCHICK, Defendant-Appellee.
No. 97-627.
Court of Appeal of Louisiana, Third Circuit.
November 19, 1997.
*816 Robert K. Bourque, pro se.
Harry Kent Aguillard, Eunice, for Terrance Hoychick.
Before WOODARD, SULLIVAN and PICKETT, JJ.
WOODARD, Judge.
The plaintiff, Robert Bourque (Bourque), appeals from a trial court judgment dismissing his legal malpractice suit against Terry Hoychick (Hoychick) and sustaining the Exception of Prescription raised by Hoychick in response to Bourque's allegations that Hoychick failed to timely file Bourque's claim for medical reimbursement before the Social Security Administration. For the reasons assigned below, we affirm.

FACTS
Hoychick was hired by Bourque to represent him in his workers' compensation and social security disability claims, both of which arose out of an accident that occurred on October 6, 1986. The workers' compensation claim was settled on September 28, 1989 for $45,000.00, and the social security disability claim was granted on appeal before the United States District Court on May 2, 1990. After becoming retroactively eligible for Medicaid on October 6, 1986, Bourque made inquiries to Hoychick about obtaining medical reimbursement from social security since his medical bills were paid with funds from his workers' compensation settlement.
On September 25, 1990, Hoychick sent the Social Security Administration a letter on Bourque's behalf, requesting the reimbursement of medicals. By letter dated January 4, 1991, Medicare Services sent Bourque a questionnaire to fill out concerning his claim. Bourque then obtained Hoychick's help at his office in completing that form. It is contested whether Bourque left with the questionnaire or whether Hoychick's office mailed it out. Hoychick did not hear anything about the reimbursement claim until May of 1995, when he received a copy of the May 26, 1995 letter from Mutual of Omaha Insurance Company to Congressman Jimmy Hayes regarding the matter. Hoychick then sent Mutual of Omaha Insurance Company a follow-up letter on November 7, 1995. Ultimately, Bourque's medical reimbursement claim was said to have prescribed.
Bourque, acting pro se, filed a petition against Hoychick on December 17, 1996, alleging that based on oral and written communication, he believed that Hoychick was still working on his reimbursement case. In response, Hoychick raised an Exception of Prescription, claiming that Bourque did not file his petition in a timely manner. At the February 7, 1997 hearing, the trial court sustained the exception and dismissed Bourque's petition with prejudice, at his cost. It is from that judgment that Bourque seeks a devolutive appeal.

ASSIGNMENTS OF ERROR
Bourque asserts the following assignments of error:
(1) The trial court was clearly wrong in the factual finding and legal conclusions that maintained the exception of prescription.
(2) The trial court committed error in failing to issue written reasons for judgment after a written request was made.

LAW

DID BOURQUE'S CLAIM AGAINST HOYCHICK PRESCRIBE?
The main issue on appeal is whether prescription ran on Bourque's legal malpractice claim against Hoychick. La.R.S. 9:5605(A), the applicable legal malpractice statute, provides, in pertinent part:
No action for damages against any attorney at law duly admitted to practice in this state ... whether based upon tort, *817 or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date the alleged act, omission, or neglect is discovered; however, even as to actions filed within one year from the date of discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
(Emphasis added). Thus, La.R.S. 9:5605(A) requires that any action arising from legal representation must be brought within one year from the discovery date of the alleged act, omission, or neglect in question, but that the action is not to be brought more than three years from the date of the alleged act, omission, or neglect. Seaux v. Doucet, 96-854 (La.App. 3 Cir. 12/11/96); 685 So.2d 537, citing Dowell v. Hollingsworth, 94-171 (La. App. 1 Cir. 12/22/94); 649 So.2d 65, writ denied, 95-573 (La. 4/21/95); 653 So.2d 572.
Under the one-year discovery date analysis, Bourque's action was untimely. Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Olivier v. Poirier, 563 So.2d 1227 (La.App. 1 Cir.), writ denied, 568 So.2d 1054 (La.1990). Because the following warning is noted on the bottom of the January 1991 questionnaire sent from Medicare Services to Bourque and several years then went by without a favorable response to him, Bourque should have been aware of any claim that he might have had against Hoychick at the end of the time frame indicated:
THIS IS THE ONLY REQUEST FOR INFORMATION YOU WILL RECEIVE. IF THE REQUESTED INFORMATION IS NOT RECEIVED IN 30 DAYS, THIS CLAIM WILL HAVE TO BE PROCESSED ON THE BASIS OF CURRENT INFORMATION, WHICH WOULD RESULT IN A DISALLOWANCE OF PAYMENT.
(Emphasis in original). Moreover, Bourque received a Notice of Claim Determination by letter dated March 20, 1995 informing him that Medicare payment could not be made, and also, under separate cover, received a copy of Hoychick's November 7, 1995 letter to Mutual of Omaha Insurance Company concerning requisite documentation that still had not been filed by Hoychick. Thus, based on the "objective reasonable person" standard, by November 1995, at the latest, Bourque should have discovered the facts of the alleged wrongdoing. Taussig v. Leithead, 96-960 (La.App. 3 Cir. 2/19/97); 689 So.2d 680 citing Griffin v. Kinberger, 507 So.2d 821 (La.1987). Applying the one-year rule to this date of discovery, Bourque had until approximately November of 1996 to file his petition against Hoychick. Since Bourque's claim was filed on December 17, 1996, the trial court properly dismissed his claim as untimely.
Even if we apply the three-year limitation under the malpractice date analysis, which is not applicable here because Bourque did not file his action within one year from the date of discovery, Bourque's claim would still be untimely. Since Bourque complained that Hoychick filed the medical reimbursement claim either in the wrong place and/or in an untimely manner on September 25, 1990, the alleged malpractice took place on or about that date. Applying the three-year rule to this date, Bourque had until about September 25, 1993 to bring suit against Hoychick. The filing of Bourque's suit on December 17, 1996, considerably more than three years later, is also barred under this analysis.
In this appeal, Bourque urges that fraud delayed his ability to file a legal malpractice action against Hoychick. According to La.Civ.Code art. 1953, fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause loss or inconvenience to the other. Fraud may also result from silence or inaction." If this case does involve fraud, as construed by La.Civ.Code art. 1953, then La.R.S. 9:5605(E) makes the peremptive period provided for in La.R.S. 9:5605(A) inapplicable. However, prescription does run when one's ignorance of the underlying facts is willful, negligent, or unreasonable. Griffin v. Kinberger, *818 507 So.2d 821 (La.1987). Under the Griffin standard, the proper focus is on the reasonableness of the victim's act or failure to act, in view of the facts known, or should have been known to him. Id.
Bourque invokes the "continuous representation rule" and claims that Hoychick worked on his case until, at least, May of 1995 and that Hoychick communicated with him thereafter, leading him to reasonably believe that an attorney-client relationship still existed between the two parties. We are not persuaded by these arguments and find that there was no fraud in this case. The comment to Article 1953 states that in order for an act to constitute fraud, it must be "calculated to produce a misleading effect" (emphasis added). In order for Bourque to prevail on this issue, he would have to prove that Hoychick purposely induced him into believing that an attorney-client relationship still existed after January 1991 in order to delay the filing of whatever malpractice claim might have existed. Based on the total lack of communication between Bourque and Hoychick between January 1991 and May 1995 and the sparsity of any subsequent communication between the two, we find Bourque's ignorance of the underlying facts to be unreasonable. Furthermore, Hoychick's initial letter to the Social Security Administration on September 25, 1990 was clear evidence of an attorney-client relationship and stated that Hoychick "ha[d] been representing Mr. Robert Bourque in reference to all claims before the Social Security Administration"; in contrast, Hoychick's November 11, 1995 letter to Mutual of Omaha Insurance Company drew a fine line and referred to Bourque as a "former client."
Additionally, any communication made by Hoychick on Bourque's behalf after January 1991 was done out of professional courtesy only, as shown in the following language contained in the November 1995 letter, where Hoychick implied that any help given by him would be permissive, and not mandatory: "I do not know what else I can do but I would be glad to render whatever assistance may be necessary.... I apologize for the delay in responding and would be glad to hear from you." It is important to note that Hoychick did not learn of the denial of Bourque's claim until May of 1995 and had not acted in the matter since September 1990, when he filed Bourque's claim for medical reimbursement with the Social Security Administration, or since January 1991, when he helped Bourque fill out the questionnaire related to the claim. Consequently, Bourque's application of the "continuous representation rule" is not warranted, and his fraud argument is without merit.
In arguing that fraud existed, Bourque also contends that the trial court erred in shifting the burden of proof to him. We disagree. As the trial judge correctly noted, when it is evident that a claim has prescribed on the face of the petition, the burden then shifts to the plaintiff to show why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624 (La.1992). Ward v. Abasi, 616 So.2d 778 (La.App. 3 Cir.), writ denied 617 So.2d 1182 (La.1993). Bourque failed to provide sufficient documentation and did not produce any witnesses at all to support his allegation that Hoychick was still working on his case. Moreover, Bourque has a questionable sense of what it means to be misled. For example, when asked by the court why he did not present supporting witnesses at the February 7, 1997 hearing to prove his claim, Bourque responded "Well, I was uh  I was told that this was going to be for  that he [Hoychick's attorney] would be doing all the talking and that I wasn't.... So I was misled here, so if I could get a continuation I could get my witness."
An appellate court is precluded from setting aside a trial court's finding of fact unless the finding is clearly erroneous, based on the record as a whole. Rosell v. ESCO, 549 So.2d 840 (La.1989). After carefully reviewing the record and the law, we hold that there was no manifest error in the trial court's factual findings and no abuse of discretion in the court's granting of the Exception of Prescription. The evidence in this case is clearly in favor of prescription.
SHOULD THE TRIAL COURT HAVE ISSUED WRITTEN REASONS FOR JUDGMENT?
According to La.Code Civ.P. art. 1917, the court shall give its reasons for *819 judgment in a non-jury case when the request is made not later than ten days after the signing of the judgment. Since Bourque made the request on March 10, 1997, more than ten days after the February 10, 1997 judgment, the trial court was not obligated to issue its reasons for judgment in this case, despite signing the March 11, 1997 order, stating that "[T]he clerk of court will forward the court's written reasons for judgment."

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining Hoychick's exception of prescription is affirmed; all costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.