507 So.2d 821 (1987)
Marcus S. GRIFFIN et al.
v.
Frank KINBERGER, M.D. et al.
No. 85-CC-0657.
Supreme Court of Louisiana.
May 28, 1987.
*822 C. William Bradley, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, et al, for applicant.
Edward Castaing, Jr., Dymond, Crull & Castaing, Henri Wolbrette, III, Stephanie Lawrence, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for respondent.
LEMMON, Justice.
This medical malpractice action presents two issues. The first issue is whether La.R.S. 9:5628, which sets an outside limit of three years on the applicability of the doctrine of contra non valentem agere nulla currit praescriptio in medical malpractice cases, may be used to bar an action based on an act or omission that occurred before September 12, 1975, the effective date of the statute. For the reasons assigned in Maltby v. Gauthier, 506 So.2d 1190 (La.1987), we hold that La.R.S. 9:5628 is not applicable to claims which became vested before the effective date of the statute.
The second issue is whether plaintiffs, more than a year prior to filing this suit, had actual or constructive knowledge that they were the victims of medical malpractice sufficient to commence the running of the one-year prescriptive period of La.C.C. art. 3492 (formerly La.C.C. art. 3536 and 3537). We conclude that plaintiffs, under the evidence apparently accepted by the trial court, were not unreasonable in failing to recognize at some earlier point in time the connection between the condition upon which this action is based and the alleged malpractice.
On November 13, 1964, plaintiff Sharon Anselmo gave birth to a child at Southern Baptist Hospital. Because the child was born prematurely, he was placed in an incubator and was administered oxygen. This oxygen treatment continued from the date *823 of birth through November 30 or December 2, 1964.
On August 17, 1983, plaintiffs filed this action for damages caused by medical malpractice. They alleged that the negligent administration of oxygen at the time of the child's birth caused retrolental fibroplasia (RLF) in the child's left eye, resulting in total blindness of that eye, and that the child has also developed glaucoma in his left eye, a myopic right eye, and cataracts and RLF in his right eye.
Plaintiffs further alleged that they first noticed the child was having trouble with his eyes sometime in 1965, when Mrs. Anselmo brought this problem to the attention of defendant Dr. Kinberger, the original pediatrician, and an ophthalmologist. The doctors consistently assured Mrs. Anselmo, who was an eighteen-year old mother with a sixth grade education, that this condition was a natural and expected consequence of the necessary administration of oxygen to premature children at birth.[1] She asserted that she had no reason to believe that the child's condition was the result of neglience or the improper administering of oxygen at birth.
Plaintiffs further alleged that they were first alerted to the possibility of medical malpractice on October 21, 1982 when Mrs. Anselmo read a newspaper article that reported a substantial settlement in Florida of a claim involving a child who had lost her vision in one eye after being negligently treated with oxygen during a premature birth. The following month, Mrs. Anselmo took the child to another hospital, where a doctor diagnosed the child as having retrolental fibroplasia. She contended that this was the first time she had ever heard of this disease.
Defendants filed exceptions of prescription, pleading the three-year prescription of La.R.S. 9:5628 and the one-year prescription of La.C.C. art. 3492. The trial court overruled the exceptions, citing Lott v. Haley, 370 So.2d 521 (La.1979). The court, however, did not directly address the issue of the one-year prescription under La.C.C. art. 3492. The court of appeal denied defendants' application for supervisory writs. We granted certiorari to address these issues. 497 So.2d 1005 (La. 1986).
A prescriptive statute is subject to the discovery rule embodied in the doctrine of contra non valentem agere nulla currit praescriptio, when that doctrine is invoked to suspend the running of prescription during the period in which the cause of action was not known or reasonably knowable to the plaintiff. Corsey v. State of Louisiana, Department of Corrections, 375 So.2d 1319 (La.1979). The enactment of La.R.S. 9:5628 placed an outside limit of three years on the applicability of the doctrine in medical malpractice cases. However, La.R.S. 9:5628 is not applicable in this case, since the act or ommission which gave rise to the cause of action occurred before the effective date of the statute. Maltby v. Gauthier, supra. The critical determination, therefore, is the point in time at which the doctrine of contra non valentem no longer suspended the running of prescription.
The one-year prescriptive period commences running on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Lott v. Haley, 370 So.2d 521 (La. 1979). Constructive knowledge sufficient to commence the running of prescription, however, requires more than a mere apprehension that something might be wrong. Cordova v. Hartford Accident & Indemity Co., 387 So.2d 574 (La.1980). Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable. Young v. Clement, 367 So.2d 828 (La.1979). Thus, even if a malpractice victim is aware that an undesirable condition developed at some point in time after the medical treatment, prescription does not run as long as it was reasonable for the victim not to recognize *824 that the condition may be related to the treatment.[2]
Here, according to evidence at the hearing on the exception, the first point in time at which plaintiffs were reasonably alerted that they may have a cause of action and should seek to develop further information was when Mrs. Anselmo read the newspaper article about the Florida child's blindness resulting from the negligent administration of oxygen after her premature birth. Prior to this time, plaintiffs had no reason to relate the child's eye symptoms to any malpractice on the part of the doctors, especially since the doctors told them the symptoms were the normal result of result of necessary administration of oxygen in premature births. The doctrine of contra non valentem therefore suspended the running of prescription during the time that the cause of action was not known or reasonably knowable to plaintiffs. Corsey v. State of Louisiana, Department of Corrections, 375 So.2d 1319 (La.1979). Inasmuch as plaintiffs filed suit within one year of the first point in time that plaintiffs reasonably should have known of the cause of action, the exception of prescription was properly overruled.
Accordingly, the judgment of the trial court overruling the exception of prescription is affirmed.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I am of the opinion that the action has prescribed. Under the circumstances of this case, plaintiffs should have discovered the facts upon which their cause of action was based long before the year prior to their filing suit. Accordingly, I respectfully dissent.
NOTES
[1] Plaintiffs allege that the child required oxygen for eight days, but that oxygen was administered for twenty-two days.
[2] This court in Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (La.1970) spoke of constructive knowledge in contra non valentem cases as follows:

"Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."
Id. at 287. However, subsequent decisions such as Young, Cardova and Lott have refined that language to emphasize that the proper focus is on the reasonableness of the tort victim's s action or inaction.