590 So.2d 1354 (1991)
Mark DUFRIEND
v.
Dr. Vincent V. TUMMINELLO, Expressway Medical Center and Lammico Insurance Company and Baptist Hospital Instant Care Center.
No. 91-CA-561.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
Writ Denied February 21, 1992.
Paul J. Galuszka, New Orleans, for plaintiff/appellant.
*1355 Cristina R. Wheat, Edward J. Rice, Jr., New Orleans, Grier J. Gregory, Victor Gonzalez, Metairie, for defendants/appellees.
Before DUFRESNE, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Mark Dufriend, appeals from a judgment dismissing his medical malpractice action on a peremptory exception of prescription. The exception was filed by defendants, Vincent V. Tumminello, M.D., Expressway Medical Center and Louisiana Medical Mutual Insurance Company.
The facts show that on Friday, June 13, 1986, plaintiff was injured on the job when a metal chip broke away from a larger piece of metal that he was hammering and struck him in the eye. Plaintiff sought treatment on Sunday, June 15, 1986 at the Baptist Hospital Immediate Care Center, and was examined by Dr. Grundmeyer. Dr. Grundmeyer gave plaintiff a prescription for eye drops and the name of an ophthalmologist if his eye did not improve.
On Monday, June 16, 1986, plaintiff informed his employer that he wished to be examined by the company doctor. He was sent to defendant, Dr. Tumminello, at Expressway Medical Center, who diagnosed a corneal abrasion. Medication was prescribed and plaintiff was instructed to return the next day. At that next visit on June 18, 1986 his eye was improving and plaintiff was told to return if he had any further problems. This was the last visit to defendant Dr. Tumminello.
Over the next few months, the eye felt better but would occasionally get irritated. On March 25, 1987, plaintiff visited Dr. Earl J. Sonnier to have his eye examined because his pupil was dilated and his vision was blurry. Dr. Sonnier referred him to Dr. James Diamond, who examined him the same day. Dr. Diamond informed plaintiff that he still had a piece of metal in his eye and that his eye should have been x-rayed earlier by the defendant, Dr. Tumminello.
On April 6, 1987, Dr. Diamond performed surgery to remove the metal in plaintiff's eye. On June 2, 1987, Dr. Diamond noticed the formation of a cataract and he performed cataract surgery on July 27, 1987.
On May 20, 1988, plaintiff brought suit against Dr. Tumminello, Expressway Medical Center and Louisiana Medical Mutual Insurance Company, their malpractice insurer, and Baptist Hospital Immediate Care Center. Plaintiff also filed a medical malpractice complaint with the Commissioner of Insurance on May 23, 1988.
Pursuant to an Exception of Prematurity, the original suit was dismissed without prejudice as to Dr. Tumminello, Expressway Medical Center and Louisiana Medical Mutual Insurance Co. It remained pending against Baptist Hospital Immediate Care Center.
After the Medical Review Panel rendered its opinion, the instant suit was amended to include Dr. Tumminello, Expressway Medical Center and Louisiana Medical Mutual Insurance Company. On March 14, 1991 those defendants filed a peremptory exception of prescription. A hearing was held on April 29, 1991 after which the trial judge maintained the exception of prescription. He stated that as of April 6, 1987 plaintiff knew the piece of metal was in his eye, that he would need surgery to remove it and he was told that Dr. Tumminello should have taken an x-ray at the time he examined plaintiff.
Plaintiff maintains that the trial court erred in granting the defendant's exception of prescription. He asserts his lawsuit was filed within one year of the date of discovery of the his cause of action resulting from the defendant's malpractice.
Prescription in medical malpractice cases is governed by LSA-R.S. 9:5628, which provides in pertinent part:
No action for damages for injury or death against any physician, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from *1356 the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
The one-year prescriptive period begins to run on the date the injured party discovers or should have discovered the facts upon which the cause of action is based. Griffin v. Kinberger, 507 So.2d 821 (La.1987). Constructive knowledge sufficient for prescription to commence is, however, more than mere apprehension that something is wrong. Griffin v. Kinberger, Id. Prescription does not begin to run against a party who is ignorant of the pertinent facts, as long as the ignorance is not willful, negligent or unreasonable. Griffin v. Kinberger, Id.; Maung-U v. May, 556 So.2d 221 (La.App. 2nd Cir.1990). Thus, prescription does not commence even when an undesirable condition develops some time following medical treatment if it was reasonable for the victim not to have recognized that the condition may have been related to the treatment. Griffin v. Kinberger, supra; Maung-U v. May, supra.
On the other hand, when the facts show the injured party "had knowledge of facts strongly suggestive that an untoward condition or result may be the result of improper treatment and there is no effort by health care providers to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the facts and cause of action are reasonably knowable to the plaintiff" for purposes of the one year prescriptive period; plaintiff's inaction for more than one year under such circumstances is not reasonable. Maung-U v. May, Id. at 225. Further, when the plaintiff's claim is prescribed on its face, the plaintiff has the burden of proof to rebut the exception of prescription. Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5 Cir. 1985).
Appellant alleges that, although he was advised by Dr. Diamond that he had a piece of metal in his eye on March 25, 1987, he actually discovered he had a cause of action against Dr. Tumminello in June, 1987, when he was advised by Dr. Diamond of the formation of the cataract and the required surgery. Ignorance of the probable extent of injuries, materially differs from ignorance of actionable harm, which delays commencement of prescription. Percy v. State of Louisiana, 478 So.2d 570 (La.App. 2nd Cir.1985).
Here, the "alleged act, omission or neglect" was the alleged failure on the part of Dr. Tumminello to notice the metal chip in the plaintiff's eye on June 17 or 18, 1986. Thus, the case was prescribed on its face. However, plaintiff argues, to rebut the exception, that discovery of the alleged act, omission, or neglect did not begin to run until Dr. Diamond had informed him of the cataract and he realized the extent of the damage, which occurred on July 27, 1987. Plaintiff admitted in his deposition that he first suspected that defendant had not correctly treated his eye on March 25, 1987 when Dr. Diamond told him his eye should have been x-rayed when the injury occurred.
Plaintiff testified in his deposition that he knew on March 25, 1987 and on April 6, 1987 that he had a piece of metal in his eye resulting from the 1986 accident. He admitted he had trouble with the eye prior to the surgery to remove the metal and later, the cataract. In his deposition he stated he considered consulting an attorney prior to the cataract surgery by Dr. Diamond in July 1987.
After our review, we conclude that these facts show that on March 25, 1987 or April 6, 1987 the plaintiff had constructive knowledge or that he discovered or should have discovered the facts to support his cause of action. Since he failed to file his action until May 20, 1988, the case against defendants was prescribed. Thus, we find the trial judge correctly granted defendants peremptory exception of prescription.
Accordingly, the judgment of the trial court is hereby affirmed.
AFFIRMED.