WICKER, Judge.
Betty Ann Dunn, the plaintiff, appeals the dismissal of her claims against Keith L. Kreutziger, D.D.S., M.D. and Ochsner Foundation Hospital, the defendants, on an exception of prescription. We affirm.
Dunn was punched in the nose on a Regional Transit Authority bus on August 1, 1985. [She sued the R.T.A. in Civil District Court for the Parish of Orleans, proceedings #86-13555 and settled that suit in her favor.] She was diagnosed with a nasal frac *673 ture and deviated septum. She did not have corrective surgery until July 15, 1987, at which time Dr. Kreutziger operated on her nose at Ochsner Hospital. Dunn was dissatisfied with the result; and Dr. Kreutziger advised her on October 6, 1987, that surgical revision would be necessary. However, he also advised her that she would have to wait six months to a year before further surgery could be attempted.
Dunn sought three additional opinions, on October 13, 1987; November 2, 1987; and January 26, 1988. All three surgeons gave her substantially the same advice — surgical revision at some later date. According to Dunn, she noticed in November of 1988 a partial loss of her sense of smell. She mentioned this to one of the doctors on January 12, 1989 and to another on July 12, 1989.
Dunn filed her complaint with the commissioner of insurance on October 5, 1989, and the medical review panel found no deviation from the appropriate standard of care on the part of Dr. Kreutziger. She filed her petition in court on January 18, 1991; and, having first answered, Kreutziger and Ochsner filed an exception of prescription.
The judge maintained the exception, dismissing Dunn’s suit. He stated,
The Court finds that the alleged injury was discovered possibly as early as October, 1987, and most certainly by January 26,1988, when four physicians had advised Ms. Dunn that she would need revision surgery. It was clear at that time that surgery would have to be repeated and that the damages she had suffered, nasal deformity and difficulty breathing, were a result of the surgery.
Dunn argues that it was not until November of 1988 or, at the latest, January 12, 1989, that she discovered her partial loss of smell, making her October 5,1989, filing with the commissioner fall within the one-year prescriptive period for medical malpractice.
Medical malpractice claims must be brought within one year from the alleged malpractice or one year from the discovery of the malpractice. La.R.S. 9:5628. This court has held, in Dufriend v. Tumminello, 590 So.2d 1354, 1356 (La.App. 5th Cir.1991), writ denied 592 So.2d 1335 (La.1992):
The one-year prescriptive period begins to run on the date the injured party discovers or should have discovered the facts upon which the cause of action is based. Griffin v. Kinberger, 507 So.2d 821 (La. 1987). Constructive knowledge sufficient for prescription to commence is, however, more than mere apprehension that something is wrong. Griffin v. Kinberger, Id. Prescription does not begin to run against a party who is ignorant of the pertinent facts, as long as the ignorance is not willful, negligent or unreasonable. Griffin v. Kinberger, Id.; Maung-U v. May, 556 So.2d 221 (La.App. 2nd Cir.1990). Thus, prescription does not commence even when an undesirable condition develops some time following medical treatment if it was reasonable for the victim to have recognized that the condition may have been related to the treatment. Griffin v. Kinberger, supra; Maung-U v. May, supra.
On the other hand, when the facts show the injured party “had knowledge of facts strongly suggestive that an untoward condition or result may be the result of improper treatment and there is no effort by health care providers to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the facts and cause of action are reasonably knowable to the plaintiff’ for purposes of the one year prescriptive period; plaintiffs inaction for more than one year under such circumstances is not reasonable. Maung-U v. May, Id. at 225. Further, when the plaintiffs claim is prescribed on its face, the plaintiff has the burden of proof to rebut the exception of prescription. Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5 Cir. 1985).
... Ignorance of the probable extent of injuries, materially differs from ignorance of actionable harm, which delays commencement of prescription. Percy v. State of Louisiana, 478 So.2d 570 (La.App. 2nd Cir.1985).
Dunn knew as early as October 6, 1987, that her nose needed additional sur *674 gery for both cosmetic and functional reasons, as she complained to Dr. Kreutziger, although she apparently had not yet suffered any loss of her sense of smell. She had trouble breathing and was dissatisfied with the appearance of the nose. The need for additional surgery was confirmed by several other doctors. This was legally sufficient discovery of the alleged malpractice, although she may not have known at that point the extent of her damages.
We find the case of Herron v. Pendleton Memorial Methodist Hospital, 527 So.2d 344 (La.App. 4th Cir.1988), cited by Dunn, to be inapposite. In that case the plaintiffs doctors repeatedly assured him that his pain would disappear, he was medically unsophisticated, and he suffered from “confusional episodes.” These factors excused his delay in discovering the relationship between his surgery and his subsequent problems.
Dunn had sufficient knowledge that Kreut-ziger may have performed her nose surgery improperly more than one year prior to filing her complaint. Her claim was therefore prescribed, and we affirm the lower court’s dismissal of her suit.

AFFIRMED.