| LAUNDERS, Judge.
This dispute arises out of the plaintiffs’ home and property being placed on the Tul-los town tax roll for the year 1993. Plaintiffs allege that defendant, Jimmy D. Dean, Assessor for the Parish of LaSalle, illegally assessed their property as being in the city limits of the town of Tullos. Plaintiffs further allege that defendants, Mary E. White and the town of Tullos, violated the public records law in concealing records relating to taxes which the town claimed were due on plaintiffs’ home.
|2The trial court sustained the exceptions of prescription and no cause of action filed on behalf of Jimmy D. Dean and adopted by Mrs. White and the town of Tullos, thereby dismissing the case. We reverse and remand.

FACTS

In mid-1993, the LaSalle Parish Assessor sent a letter to the plaintiff, Melba King, stating that her home was included in the city limits of the town of Tullos. Accompanying this letter was a plat which showed the King’s house to be located within the city limits. In this letter, the Assessor stated:
I would suggest that you try to get the town limits changed to exclude your property if that’s your wish, otherwise it will be necessary to enter this property on the Tullos town tax roll for 1993.
This letter of notification was dated June 29, 1993. The record indicates that Mrs. King received this letter and thereafter sought the advice of counsel. It does not indicate that Mrs. King or anyone in her behalf filed a protest to the proposed inclusion of this property on the tax rolls.
Mrs. King testified that she received tax notices for various other properties but never received a notice as to her residence being in the town of Tullos. Mrs. King testified that she could not determine whether her residence was included on the tax roll for the town of Tullos because the defendant, Mary *852 E. White, purposely concealed such information. Mrs. King stated that she had to employ an attorney and on December 27, 1993 plaintiffs received the tax notice and paid taxes under protest to the town of Tullos.
Thereafter, Mr. and Mrs. King filed suit in the Twenty-eighth Judicial District Court seeking damages and recovery of taxes paid. Exceptions of prescription and no cause of action were filed on behalf of Jimmy D. Dean and adopted by the town | sof Tullos and Mary E. White which, after hearing, were sustained and plaintiffs’ suit was dismissed.
It is from this dismissal that the plaintiffs appeal.

ARGUMENT

The trial court found this action had prescribed in accordance with La.R.S. 47:1966. Prescription is a peremptory and perpetual bar to every species of action, real or personal, when a creditor has been silent for a period of time without urging his claim. Jones v. Butler, 346 So.2d 790 (La.App. 1 Cir.1977). Plaintiffs state that their home has never been placed upon the tax roll for the town of Tullos in previous years. Further, they assert that they repeatedly sought to obtain the information as to whether or not their home would be included on the tax roll for 1993. After obtaining help from an attorney, the plaintiffs received notice on December 27,1993 that their property had been added on the Tullos tax roll. Immediately thereafter, plaintiffs paid said taxes under protest.
Defendants argue that the letter dated June 29, 1993 in fact gave notice that the King home was to be included on the tax roll for 1993. Defendants further argue that this letter is sufficient to fulfill the requirements of notice under La.R.S. 47:1966, thus allowing the exceptions of prescription and no cause of action.
La.R.S. 47:1966 provides for the listing and assessing of omitted property within the State of Louisiana. In pertinent part, Section 1966 states that:
If any tract or lot of land or other property shall be omitted in the assessment of any year or series of years, or in any way erroneously assessed, it, when discovered, shall be assessed by the assessor or tax collector for the whole period during which the property may have been omitted or improperly assessed, and shall be subject to the state, parish, municipal, and levee taxes, which have been or may hereafter be assessed against the property in accordance with law.... A notice by mail shall be given that the assessment roll is completed, and that it is exposed for examination in the office of the assessor whether the tax is on movable or immovable property, and that ten days are allowed the ^parties to make to the assessors any protest they may wish to urge against the assessment....
This court recognizes that generally the party raising the peremptory exception urging prescription bears the burden of proof, unless prescription is evident from the face of the pleadings, in which case plaintiff bears the burden of showing an action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1365 (La.1992).
We see no indication that plaintiffs’ action has prescribed. We further find that the defendants’ argument lacks merit. In order for the ten (10) day period set out in La.R.S. 47:1966 to prescribe, the plaintiff must receive proper notice. Therefore, the prescription issue is dependent upon whether the plaintiffs received proper notice as set out in La.R.S. 47:1966.
We note that the defendants make a valiant argument that their June 29, 1993 letter started the running of prescription as set out in La.R.S. 47:1966. However, upon review of La.R.S. 47:1966, we find this letter to be wholly inadequate. The statute reads “... A notice by mail shall be given that the assessment roll is completed ... and that ten days are allowed the parties to make to the assessor any protests they may wish to urge against the assessment....” The June 29, 1998 letter fails to state that the tax roll is complete; it fails to state that the plaintiffs’ property is on the tax roll; and it fails to notify plaintiffs that they are allowed ten (10) days to make a protest to the assessor.
*853 Further, a review of Jimmy D. Dean’s testimony at the hearing on the exceptions of prescription and no cause of action supports the finding that the letter of June 29 was not in accordance with La.R.S. 47:1966. When asked about the June 29, 1993 letter, Mr. Dean testified as follows:
Q. In the last sentence, you referred to a condition, or otherwise it will be necessary to enter this property on the Tullos tax roll for 1993, is that correct?
IbA. Yes sir, if I hadn’t heard from her I was going to enter it on the tax roll.
Q. On June 29,1993, you had not entered it on the tax roll?
A. No sir, not at that time.
This testimony confirms that the letter of June 29,1993 is not “notice” as envisioned by Section 1966.
We note further that to meet the standards set forth under law, the notice must be sent to the taxpayer stating that the assessment roll is completed. At the time of the June 29 letter, the assessment roll was not completed and this fails to comply with the requisites of La.R.S. 47:1966.
It was not until December 27, 1993, that Mrs. King received notice that her property was indeed added to the town tax roll, at which time, she promptly paid the taxes due under protest, thus interrupting prescription in accordance with La.R.S. 47:1966.
The defendants cite Louisiana Cent. Lumber Co. v. Catahoula Parish Sch. Bd., 185 So. 885 (La.1939), to argue that the June 29, 1993 letter served as notice. However, this ease is factually dissimilar from the case at bar. The Louisiana Cent. Lumber Co. ease dealt with a supplemental tax roll which the plaintiff did protest despite not having received proper notice. The Supreme Court stated that the failure of the assessor to give written notice to the plaintiff did not invalidate the roll because the plaintiff in due time did file its protest thereto. We can find no indication that this holding supports the premise that the June 29, 1993 letter serves as a valid notice under the meaning of La. R.S. 47:1966.
We find that the plaintiffs did not receive adequate notice until December 27,1993 that their property was included on the Tullos tax roll at which time they properly paid the taxes under protest, therefore interrupting prescription as required | sunder Section 1966. Further, we find that the trial court erred in granting the exceptions of prescription and no cause of action.

DECREE

We hold that the trial court erred in sustaining the peremptory exceptions of prescription and no cause of action. Proper notice under La.R.S. 47:1966 that the plaintiffs’ home was to be included on the town of Tullos tax roll was not given until December 27,1993 at which time the plaintiffs paid said taxes under protest, therefore interrupting prescription under this statute. This case is remanded to the trial court for trial on the merits.
All costs of this appeal assessed to defendants. Costs at trial to await outcome.
REVERSED AND REMANDED.