I «GOTHARD, Judge.
Plaintiffs, Tammy and David Hotard, appeal from a judgment granting an exception of prescription filed by defendant, Dr. Grace Banuchi, and dismissing plaintiffs’ cause of action. For the following reasons, we affirm the decision of the trial court.
On August 24, 1992, plaintiff Tammy Hotard gave birth to a child, Nicole. Mother and child were discharged from the hospital one day later, on August 25, 1992. Nicole Hotard died on August 29, 1992 from a streptococcus infection.
On August 25, 1995, plaintiffs filed a Complaint for Medical Review Panel with the Commissioner of Insurance. On January 16, 1998, defendant filed an exception of prescription, which was initially denied by the trial court. A second exception of prescription was filed on April 6, 1999. A | ¡¡hearing was held on March 31, 2000, and the trial court orally granted the exceptions. The trial court signed a judgment granting the exceptions on April 3, 2000. *655 No reasons, either orally or in writing, were given. Plaintiffs appealed from the decision of the trial court.
Medical malpractice claims must be brought within one year from the alleged malpractice or within one year of the discovery of the malpractice. La. R.S. 9:5628. Claims for wrongful death must be brought within one year of the date of death or discovery of the negligence which caused the death. La. C.C. art. 3492.
In this case, the child died on August 29, 1992. Plaintiffs filed this claim on August 25, 1995, almost three years later. Therefore, her suit is, on its face, prescribed. When a defendant urges an exception of prescription, his burden is simply to show that the claim has prescribed on its face; on that showing the opposing party must then come forward with evidence to show that prescription has not run or has been interrupted or suspended. Medical Review Panel ex rel. Apken v. Kushner, 98-765 (La.App. 5 Cir. 12/29/98), 722 So.2d 1238, 1240; writ denied, 99-0550 (La.4/9/99), 740 So.2d 638. Thus, plaintiffs bear the burden of showing that the cause of action has not yet prescribed.
The Louisiana Supreme Court has noted that:
Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period. The reason is clear. In order for the prescriptive period to commence, the plaintiff must be able to state a cause of action — both a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act. (Citations omitted).
Rayne State Bank and Trust Co., v. National Union Fire Ins. Co., 483 So.2d 987, 995 (La.1986).
In this case, plaintiffs allege that Dr. Banuchi committed malpractice by failing to diagnose streptococcus and by prematurely releasing their daughter from the hospital. They further allege that they did not become aware of the wrongful act until August 25, 1994, when they were told by Dr. Fortino, their son’s pediatrician, that Nicole should never have left the hospital. Thus, their suit, filed on August 25, 1995, is timely.
This court, in Dufriend v. Tumminello, 590 So.2d 1354, 1356 (La.App. 5 Cir.1991); writ denied, 592 So.2d 1335 (La.1992), stated the law on what constitutes sufficient notice to start the running of prescription:
The one-year prescriptive period begins to run on the date the injured party discovers or should have discovered the facts upon which the cause of action is based. Griffin v. Kinberger, 507 So.2d 821 (La.1987). Constructive knowledge sufficient for prescription to commence is, however, more than mere apprehension' that something is wrong. Griffin v. Kinberger, Id. Prescription does not begin to run against a party who is ignorant of the pertinent facts, as long as the ignorance is not willful, negligent or unreasonable. Griffin v. Kinberger, Id.; Maung-U v. May, 556 So.2d 221 (La.App. 2nd Cir.1990). Thus, prescription does not commence even when an undesirable condition develops some time following medical treatment if it was reasonable for the victim not to have recognized that the condition may have been related to the treatment. Griffin v. Kinberger, supra; Maung-U v. May, supra.
On the other hand, when the facts show the injured party “had knowledge of facts strongly suggestive that an untoward condition or result may be the result of improper treatment and there is no effort by health care providers to *656 mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the facts and cause of action are reasonably knowable to the plaintiff’ for purposes of the one year prescriptive period; plaintiffs inaction for more than one year under such circumstances is not reasonable. Maung-U v. May, Id. at 225. Further, when the plaintiffs claim is prescribed on its face, the plaintiff has the burden of proof to | ¿rebut the exception of prescription. Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5 Cir. 1985). [Emphasis added].
In her deposition, Tammy Hotard stated that Nicole was born on August 24, 1992, a Monday, and that she and the child were discharged from the hospital one day later. Prior to discharge, Nicole was examined by Dr. Banuchi, a pediatrician. On Wednesday, she knew that something was not right with the child, and she called defendant’s office. She was given an appointment for the following Monday, and told that if she felt that there was an emergency she should go to the hospital. She called again on Friday, and also attempted to bring Nicole to defendant’s office. Nicole Hotard died on August 29, 1992 (Saturday).
Several days after the child’s death, when visiting an attorney on an unrelated matter, the Hotards and the attorney discussed Nicole’s death, while investigating a claim that the child had been switched with another at the hospital. At that time, Mrs. Hotard authorized release of the hospital medical records to the attorney. The Hotards were also provided with a copy of the autopsy report. Mrs. Hotard also stated that she discussed Nicole’s death and its cause with the coroner that performed the autopsy and with her obstetrician.
The Hotards contend that they did not become aware of the basis for their malpractice claim until August 25, 1994, while their newborn son (born August 12, 1994) was being examined by Dr. Fortino, also a pediatrician. According to Mrs. Hotard, Dr. Fortino apologized to her for Nicole’s death and stated that she (Nicole) should not have been released from the hospital. Mrs. Hotard recollected the date of August 25, 1994; however, Mr. Hotard Instated in deposition that he did not know what date the conversation actually occurred.
In support of her exception of prescription, Dr. Banuchi filed an affidavit executed by Dr. Fortino which stated that he had not discussed Nicole’s death with the Ho-tards. In his deposition, Dr. Fortino stated that he did not remember if he had had such a discussion. Dr. Fortino’s records reflect that he saw the Hotard’s newborn on August 16, 1994, when the child was four days old, and again when the child was two weeks old. Dr. Fortino never saw or treated Nicole before her death.
In this case, the record clearly shows that the plaintiffs were aware of all the facts which form the basis of their malpractice claim within one year after Nicole’s release from the hospital and within one year from her death.
When a party has sufficient information to incite curiosity, to excite attention, or to put a reasonably minded person on guard and call for inquiry, he has the constructive knowledge necessary to start the running of prescription.
Gassen v. East Jefferson General Hospital, 96-590 (La.App. 5 Cir. 12/30/96), 687 So.2d 120, 124, writ denied, 97-0738 (La.5/1/97), 698 So.2d 735; White v. Willis-Knighton Medical Center, 25,575 (La.App. 2 Cir. 2/23/94), 632 So.2d 1198, 1199; writ denied, 94-1024 (La.6/17/94), 638 So.2d 1098.
Accordingly, we cannot say that the trial court erred in finding that prescription had *657 accrued before plaintiffs filed their malpractice suit.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiffs/appellants.
AFFIRMED.