JENKINS, J.,
DISSENTS WITH REASONS
hi respectfully dissent. Finding that neither the doctrine of continuing tort nor contra non valentum applies to suspend prescription as to any of plaintiffs claims, I would reverse the judgment in favor of plaintiff and dismiss plaintiffs suit against defendants with prejudice.
While I agree with the majority’s discussion and conclusions that plaintiffs defamation and abuse of process claims arising from “Defendants’ pre-2011 actions” are prescribed, I find no reasonable, factual basis in this record to support and affirm the trial court’s denial of the exception of prescription based on an implicit finding that some interruption or suspension of prescription occurred between plaintiffs arrest in October 2011 until plaintiff received the State’s criminal discovery file in December 2012. Under the discovery rule of contra non valentum, “the plaintiff must show not only that he did not know facts upon which to base his claim, but also that he did not have reason to know or discover such |2facts and that his lack of knowledge was not attributable to his own neglect.” Wilhike v. Polk, 08-0379, p. 5 (La. App. 4 Cir. 11/19/08), 999 So.2d 83, 86. In applying the discovery rule, the Louisiana Supreme Court has held that the plaintiff need not have actual knowledge of facts that would entitle him to bring suit, but only constructive knowledge. See Wells v. Zadeck, 11-1232, p. 9 (La. 3/30/12), 89 So.3d 1145, 1151; Marin v. Exxon Mobil Corp., 09-2368, 09-2371, p. 14 (La. 10/19/10), 48 So.3d 234, 246; Campo v. *575 Correa, 01-2707, p. 12 (La. 6/21/02), 828 So.2d 602, 610. Constructive knowledge is “information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry.” Wilhike, 08-0379, p. 5, 999 So.2d at 86; see Hogg v. Chevron, USA, Inc., 09-2632, 09-2635, p. 7 (La. 7/6/10), 45 So.3d 991, 997; Campo, 01-2707, p. 12, 828 So.2d at 510-11. “[T]he ultimate issue in determining whether a plaintiff had constructive knowledge sufficient to commence a prescriptive period is the reasonableness of the plaintiffs action or inaction in light of his education, intelligence, and the nature of the defendant’s conduct.” Marin, 09-2368, p. 15, 48 So.3d at 246, citing Campo, 01-2707, p. 12, 828 So.2d at 511; Griffin v. Kinberger, 507 So.2d 821 (La. 1987).
I find that plaintiffs testimony reveals that he had sufficient constructive knowledge, if not actual, in October 2011 to raise one last defamation claim against defendants relating to his arrest in St. Charles Parish. Plaintiff testified that he was told on the date of his arrest, October 24, 2011, that the charge related to doing private investigative work without a license. In addition, he was aware of the October 25, 2011 Times-Picayune article that includes the same information that served as the basis for the charge against plaintiff as stated within the arrest warrant affidavit. Based on these two facts alone, I find that plaintiff had sufficient notice of defendants’ actions or at least sufficient information with which to Iginquire further and assert his claim within the year following his arrest in October 2011.
“It is firmly established that, in cases in which a plaintiff suffers some but not all of his damages, prescription runs from the date on which he first suffers actual and appreciable damage, even though he may thereafter come to a more precise realization of the damages he has incurred or incur further damage as a result of the completed tortious act.” Hogg, 09-2632, p. 13, 45 So.3d at 1001, citing Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La. 1992). Moreover, in a case wherein the plaintiff relies on the discovery rule of contra non valentum to suspend the running of prescription, the ultimate issue is the reasonableness of plaintiffs inaction. Marin, 09-2368, p. 15, 48 So.3d at 246.
Upon review of plaintiffs testimony and the documentary evidence establishing the facts within plaintiffs .knowledge in 2009 through 2011, and in light of plaintiffs education and experience as a private investigator, I find it wholly unreasonable to conclude that plaintiff had insufficient knowledge, actual or constructive, upon which to assert his claims against defendants until December 19, 2012. Therefore, I find that the trial court manifestly erred in denying defendants’ exception of prescription when raised by the motion for directed verdict at the close of trial testimony.